1  MARIA S. QUINTERO (SBN 223629)
   mquintero@hinshawlaw.com
2  EVAN M. REESE (SBN 302952)
   ereese@hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
4  San Francisco, CA 94111
   Telephone:    415-362-6000
5  Facsimile:    415-834-9070

6  Attorneys for Defendants
   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
7  INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE N/K/A HDI GLOBAL
   SPECIALTY SE,
8  and PREMIER CLAIMS MANAGEMENT LLC

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 | CALISTOGA RANCH OWNER LLC;            ) Case No. 3:22-cv-3188
   | CALISTOGA RANCH INVESTORS LLC;        )
13 | and CALISTOGA RANCH CLUB,             ) **DEFENDANTS CERTAIN**
   |                                       ) **UNDERWRITERS AT LLOYD'S,**
14 |              Plaintiffs,              ) **LONDON'S, INTERNATIONAL**
   |         vs.                           ) **INSURANCE COMPANY OF HANNOVER**
15 |                                       ) **SE N/K/A HDI GLOBAL SPECIALTY SE,**
   | CERTAIN UNDERWRITERS AT LLOYD'S,      ) **AND PREMIER CLAIMS MANAGEMENT**
16 | LONDON; INTERNATIONAL INSURANCE       ) **LLC'S NOTICE OF REMOVAL OF**
   | COMPANY OF HANNOVER SE N/K/A HDI      ) **ACTION**
17 | GLOBAL SPECIALTY SE; PREMIER          )
   | CLAIMS MANAGEMENT LLC; and DOES       ) Complaint Filed:  4/26/22
18 | 1-20, inclusive,                      )
   |                                       ) Trial Date:  None set.
19 |              Defendants.              )
   |                                       )

20

21

22

23

24

25

26

27

28

                                          1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Certain Underwriters at Lloyd's, London ("Lloyd's"), International Insurance Company of Hannover SE N/K/A HDI Global Specialty SE ("HDI") and Premier Claims Management LLC ("Premier") (collectively "Defendants") hereby remove the above-captioned action from the Superior Court of California in and for the County of Napa to the United States District Court for the Northern District of California, San Francisco Division. This removal is based on 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, and on the following grounds:

**STATEMENT OF JURISDICTION**

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b).

**VENUE**

2. Plaintiffs Calistoga Ranch Owner LLC; Calistoga Ranch Investors LLC; and Calistoga Ranch Club (collectively "Calistoga Ranch" or "Plaintiffs") filed its action in the Superior Court of California in and for the County of Napa. Venue, therefore, is appropriate in the United States District Court for the Northern District of California, San Francisco Division for purposes of a Notice of Removal. *See* 28 U.S.C. §§ 84(a), 1391(b), 1441(a). Defendants reserve the right and do not waive the right to challenge venue in the United States District Court under the terms of the subject insurance policy's choice of law and venue provisions.

**PLEADINGS, PROCESS, AND ORDERS**

3. On April 26, 2022, Plaintiffs filed a Complaint in the Superior Court of California in and for the County of Napa, styled *Calistoga Ranch Owner, LLC, et al. v. Certain Underwriters at Lloyd's, London, et al.,* Napa Superior Court Case No. 22-3188 (the "Complaint"). The Complaint concerns a claim made under a Underwriters at Lloyd's, London Site Pollution Liability Policy, policy number PGIARK08070-00 (the "Policy"). Complaint ¶¶ 11, 12 (alleging that the Policy was issued

by "defendant Insurers," which is defined to include Lloyd's and HDI); *see also* the Policy, attached as **Exhibit 2** to this Notice. The Policy provided an "Each Pollution Condition" limit of liability of $3,000,000 and a general aggregate limit of $5,000,000, subject to the Policy's terms and conditions. Complaint ¶ 11. The Policy's insuring agreement provided that "[t]he Company [i.e. the Insurers] will pay cleanup costs that result from a governmental mandate(s) upon you…" subject to the Policy's terms and conditions. *Id.* at ¶ 12; Exhibit 2 at pp. 21 (Governmental Mandate Endorsement Page). The Policy defines "Governmental mandate(s)" as "a directive, order or requirements of the government of the United States or any of its states, or Canada or any of its provinces, political subdivisions, or court order duly acting under the authority of environmental or related laws to cleanup, remediate, or mitigate any pollution conditions at, on, or under the insured's site(s) to which this insurance applies." Complaint at ¶ 13; Exhibit 2 at pp. 21 (Governmental Mandate Endorsement Page). The Policy defines "cleanup costs" to include the expenses incurred to perform "cleanup" – *i.e.* the "investigations evaluation monitoring, testing, removal, containment, treatment, disposal, remediation, detoxification, or neutralization of pollutants to the extent required by Federal, State, Local or Provincial Laws, including but not limited to statutes, rules, ordinances, guidance documents, regulations, and all applicable amendments thereto, including state voluntary cleanup or risk based corrective action guidelines." Complaint at ¶ 14; Exhibit 2 at pp. 31 (Site Pollution Liability Policy).

4. Plaintiffs allege that Calistoga Ranch was almost entirely destroyed in the Glass Line Fire on or about September 28, 2020 (the "Fire"). Complaint at ¶ 19. As a result of the Fire, the insured property was allegedly "covered with ash, soot and fire-damaged debris." *Id.*

5. Plaintiffs allege that they "immediately notified the Insurers of the Fire, advising them of the damage to the Calistoga Ranch and the resulting pollution conditions (the "Claim"). Complaint at ¶ 20. Plaintiffs further allege that "[b]y at least October 26, 2020, Plaintiffs were required, under government mandates, to clean up the ash and debris at Calistoga Ranch. *Id.* These government mandates allegedly included, without limitation, compulsory compliance with the Napa County Department of Planning, Building, and Environmental Services' Debris and Ash Removal ("DAR") Program. *Id.* at 21. Plaintiffs allege that they have incurred compulsory clean-up costs of ash, soot and fire-damaged debris in excess of the Policy's $3 million ($3,000,000) per pollution condition limit,

and that "ash, soot and fire-damaged debris are a 'pollution condition' and as such, Plaintiff's cleanup costs are a covered loss under the policy. *Id.* at 22.

6. The parties dispute whether or not and the extent to which the Claim involves pollution conditions at the premises, and whether or not the Claim involves any directive, order, or requirement of a government or court order to cleanup, remediate, or mitigate any pollution conditions. Complaint at ¶ 24. Defendants also dispute whether coverage exists for all costs associated with both Phase I and Phase II of the subject Fire cleanup at Plaintiffs' property. *Id.* at ¶ 24.

7. The named defendants include Lloyd's, HDI, and Third-Party Administrator Premier Claims Management, LLC ("Premier"). Plaintiff alleges that Lloyd's is a "group of underwriters and insurance syndicates subscribing to the Policy at issue in this action that includes, without limitation, syndicate numbers 4020, 1458, 1084, and 2001." Complaint ¶ 6. Plaintiff alleges that HDI is the successor in interest and/or successor by merger of International Insurance Company of Hannover SE ("Hannover"), which subscribed to the Policy at issue in this action. *Id* at ¶ 7. Plaintiff alleges that Premier "was and is an insurance adjuster that acted on behalf of the Insurers with respect to the subject insurance claim." *Id.* at ¶ 8. Plaintiff asserts claims against Lloyd's and HDI for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment. Plaintiff asserts claims against Premier for negligent misrepresentation, alleging that Premier essentially aided and abetted Lloyd's and HDI's bad faith, by making "material misrepresentations as part of the claim adjustment process." *Id.* at ¶ 2.

8. Service of the summons and complaint was affected on Lloyd's pursuant to CCP § 416.10 by personal delivery to Lloyd's agent for service of process. The summons and complaint were personally served on May 2, 2022. Service is deemed complete as of May 2, 2022.

9. Service of the summons and complaint was affected on HDI's pursuant to CCP § 416.10 by personal delivery to HDI's agent for service of process. The summons and complaint were personally served on May 3, 2022. Service is deemed complete as of May 3, 2022.

10. Service of the summons and complaint was affected on Premier's pursuant to CCP § 416.10 by personal delivery to Premier's agent for service of process. The summons and complaint were personally served on May 3, 2022. Service is deemed complete as of May 3, 2022.

11. True and correct copies of the Summons and Complaint and all related materials are attached hereto as **Exhibit 1** and incorporated herein by this reference. The aforementioned documents constitute true and correct copies of all process, pleadings, and orders served upon Defendants.

12. To Defendants' knowledge, other than the Complaint and the materials attached as **Exhibit 1**, no further process, pleadings, or orders related to this case have been filed in Napa County Superior Court.

## JOINDER

13. Except for Doe defendants, Defendants Lloyd's, HDI, and Premier are the only named defendants in the action. Thus, all properly served Defendants have consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS OF REMOVAL

14. This Notice of Removal is timely, in that it is filed within 30 days after the service on defendant. *See* 28 U.S.C. § 1446(b)(2)(B).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15. **Plaintiff Calistoga Ranch Investors LLC's Citizenship.** Plaintiffs allege that Plaintiff Calistoga Ranch Investors LLC is and was a Delaware limited liability company comprised of several individual members and limited liability company members. Complaint ¶ 4. For the purposes of diversity jurisdiction, the citizenship of an LLC or partnership is based upon the citizenship of each of its individual members or partners. *See, generally, Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Defendants do not know the names of the members or partners comprising Calistoga Ranch Investors LLC, and there is no publicly available information though which Defendants could find the members of Calistoga Ranch Investors LLC.

16. When information regarding a party is necessary to establish diversity of citizenship and that information is not reasonably available to the other party, that other party is permitted to plead jurisdictional allegations on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1088 (9th Cir. 2014). Courts have permitted parties to plead jurisdictional facts on information and belief even in removal petitions alleging diversity jurisdiction under 28 U.S.C. § 1332.

*See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) (allowing defendants to allege citizenship of non-removing defendant on information and belief; cited with approval by the Ninth Circuit in *Carolina Casualty*, 741 F.3d at 1087-88); *Mt. Poso Cogeneration Co., LLC v. Associated Elec. & Gas Ins. Servs.*, 2016 U.S. Dist. LEXIS 58970, *4 (E.D. Cal. May 3, 2016) (citing *Carolina Casualty* and permitting jurisdictional allegations on information and belief where information about a limited partnership was not within the removing party's possession).

17. Based upon the information reasonably available, Defendants allege on information and belief that, at the time the complaint was filed and at the time of this notice, Calistoga Ranch Investors LLC is not and was not a citizen of California. While Calistoga Ranch Investors LLC is registered to do business in California as an out of state limited liability company, no publicly available information suggests that any of its members are citizens of California. Calistoga Ranch Investors LLC is registered limited liability company in Delaware, with its business address identified as 133 N. Jefferson Street, 4th Floor, Chicago, IL 60661 and an LLC Number 5423145 issued in Delaware.

18. **Plaintiff Calistoga Ranch Owner LLC's Citizenship.** Plaintiffs allege that Plaintiff Calistoga Ranch Owner LLC is and was a Delaware limited liability company having Calistoga Ranch Investors LLC as its sole member. Complaint ¶ 3. For the purposes of diversity jurisdiction, the citizenship of an LLC or partnership is based upon the citizenship of each of its individual members or partners. *See, generally, Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Based upon the information reasonably available, Defendants allege on information and belief that, at the time the complaint was filed and at the time of this notice, Calistoga Ranch Owner LLC is not and was not a citizen of California.

19. **Plaintiff Calistoga Ranch Club's Citizenship.** Plaintiffs allege that Plaintiff Calistoga Ranch Club is and was a non-profit mutual benefit corporation, organized and existing under the laws of the State of California and having its principal place of business in Napa County, California. Complaint ¶ 5. Both when the state court action was filed and at the time of this notice, Plaintiff Calistoga Ranch Club was and is a California corporation with its principal place of business in California. Plaintiff Calistoga Ranch Club thus is a citizen of California.

20. **Defendant Underwriters of Lloyd's, London's Citizenship**. Lloyd's consists of

one foreign corporation (International Insurance Company of Hannover SE) and four (4) Lloyd's syndicates, all of whom subscribe to Site Pollution Policy No. PGIARK08070-00 issued to Calistoga Ranch. Complaint ¶¶ 6-7.

21. For purposes of removal jurisdiction, Lloyd's syndicates have traditionally been likened to unincorporated associations. The citizenship of each Lloyd's syndicate is determined by the citizenship of the syndicate's members, as detailed more fully below.

22. Plaintiff alleges that HDI is the successor in interest and/or successor by merger of International Insurance Company of Hannover SE ("Hannover"), which subscribed to the Policy at issue in this action. *Id* at ¶ 7. HDI is a corporation organized under the Laws of Germany, with its principal place of business in Hannover, Germany. Both when the state court action was filed and at the time of this notice, Defendant HDI was and is a citizen of Germany.

23. Lloyd's Syndicate ARK 4020 is a foreign insurance syndicate with its principal place of business in London, United Kingdom. Both when the state court action was filed and at the time of this notice, Lloyd's Syndicate ARK 2040 was and is a citizen of the United Kingdom.

24. Lloyd's Syndicate RNR 1458 is a foreign insurance syndicate with its principal place of business in London, England. Both when the state court action was filed and at the time of this notice, Lloyd's Syndicate RNR 1458 was and is a citizen of the United Kingdom.

25. Lloyd's Syndicate CSL 1040 is a foreign insurance syndicate with its principal place of business in London, England. Both when the state court action was filed and at the time of this notice, Lloyd's Syndicate CSL 1040 was and is a citizen of the United Kingdom.

26. Lloyd's Syndicate AML 2001 is a foreign insurance syndicate with its principal place of business in London, England. Both when the state court action was filed and at the time of this notice, Lloyd's Syndicate AML 2001 was and is a citizen of the United Kingdom.

27. **Premier's Citizenship May Be Disregarded.** Premier is a limited liability company. On information and belief, one or more minority equity members may be California citizens. Nonetheless, Premier's citizenship may be disregarded for the purposes of removal based upon diversity jurisdiction because it has been fraudulently joined. Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled

1 rules of the state." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

2  28. Plaintiffs asserts a single cause of action for relief against Premier for negligent misrepresentation. Plaintiff alleges this claim for relief on the theory that Premier aided the Insurers bad faith as "the Insurers' hand-chosen third-party claims administrators" by making "material misrepresentations as part of the claim adjustment process." Complaint ¶ 2. These allegations do not state a claim against Premier and there is no possibility that Plaintiff can amend its complaint to correct that defect.

29. Premier is a third-party administrator for Lloyd's and as such was acting as Lloyd's agent. There is no possibility of liability against Premier for negligent misrepresentation. "The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact mispresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank National Ass'n,* 209 Cal.App.4th 182, 196 (2023). In addition to these elements, Plaintiff must also allege facts that Premier owed them a duty. *Friedman v. Merck & Co., Inc.* 107 Cal.App.4th 454, 477 (2003). Plaintiffs have not and cannot alleges facts sufficient to show Premier owed them a duty, or to state a claim for negligent misrepresentation against Premier.

30. The allegations supporting Plaintiff's negligent misrepresentation cause of action are that Premier falsely represented that Plaintiffs' Claim "does not involved any 'pollution conditions' at the Premises" when it was aware of ash, soot and fire damaged debris at the Calistoga Ranch and that Plaintiffs' Claim "does not involve any directive, order, or requirement of a government or court order to cleanup, remediate, or mitigate any 'pollution conditions." Complaint at ¶ 43. These are the same allegations on which Plaintiffs base their cause of action for breach of contract and breach of the implied covenant of good faith. Complaint at ¶¶ 24, 31-36, 37-41. Plaintiffs cannot pursue Premier for conduct that is indistinguishable from the breach of contract and breach of the implied covenant claims—which are claims for which Premier faces no liability—by asserting a negligent misrepresentation claim. *See, e.g. Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere contract breach, and relying on the same alleged acts, simply seek the same damages or other relief claims in

a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.")  In an effort to avoid federal court jurisdiction, Plaintiffs allege a legally untenable cause of action against Premier for negligent claim handling, the type of which is prohibited against adjusters because policy holders already have remedies against their insurance for breach of contract and breach of the implied covenant. *Sanchez v. Lindsey Morden Claims Services, Inc.,* 72 Cal.App.4th 249, 254-255 (1999).

31. Plaintiffs are also unable to state or maintain a cause of action against Premier for breach of contract or breach of the implied covenant of good faith. Premier is alleged to be a third-party claim administrator working on behalf of the Insurers. Complaint ¶ 2. Under California law, a plaintiff must first have a contractual relationship with the defendant in order to assert a claim for breach of contract. *Otworth v. Southern Pac. Transp. Co.,* 166 Cal.App.3d 452, 458 (1985).  No such contractual relationship exists between Plaintiffs and Premier and therefore Premier cannot face liability for breach of contract as a matter of law.  Because Plaintiffs cannot maintain a breach of contract cause of action against Premier, they also cannot maintain a cause of action against Premier for breach of the implied covenant. *See, e.g. Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973) ("Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to" liability for breach of the implied covenant); *Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 981 (9th Cir. 1999) ("Under California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract.")

32. For these reasons, Plaintiffs cannot state or maintain a cause of action against Premier. Premier is therefore an improper defendant named solely for the purposes of defeating diversity. *Ritchey v. Upjohn Drug, Co,* 139 F.3d 1313, 1318.  Under the circumstances, Premier's citizenship can and should be disregarded for purposes of evaluating diversity jurisdiction.

33. Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot

destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

34. Because Plaintiffs are citizens of a state different from Defendants Lloyd's and HDI, complete diversity of citizenship exists for purposes of establishing jurisdiction. *See* 28 U.S.C. § 1332(a)(1), §1441(a), (b)(2).

## **AMOUNT IN CONTROVERSY EXCEEDING $75,000**

35. The Court has jurisdiction over this matter because the amount placed in controversy by Plaintiff's Complaint exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff alleges damages exceeding the Policy's $3 million in the form of covered costs resulting from the Fire, in addition to prejudgment interest, attorney fees to obtain insurance benefits, and exemplary and punitive damages. Complaint ¶ 1, Prayer.

## **NOTICE TO PLAINTIFF AND STATE COURT**

Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Napa County Superior Court.

Dated: June 1, 2022                                       HINSHAW & CULBERTSON LLP

By: /s/ *Maria S. Quintero*
MARIA S. QUINTERO
EVAN M. REESE
Attorneys for Defendants
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE N/K/A HDI GLOBAL SPECIALTY SE,
and PREMIER CLAIMS MANAGEMENT LLC

# CERTIFICATE OF SERVICE

**CALISTOGA RANCH OWNER LLC; CALISTOGA RANCH INVESTORS LLC; and CALISTOGA RANCH CLUB, v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE N/K/A HDI GLOBAL SPECIALTY SE; PREMIER CLAIMS MANAGEMENT LLC; and DOES 1-20, inclusive**

**3:22-cv-3188**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California  94111.

On June 1, 2022, I served the document(s) entitled **DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE N/K/A HDI GLOBAL SPECIALTY SE, AND PREMIER CLAIMS MANAGEMENT LLC'S NOTICE OF REMOVAL OF ACTION**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY MAIL):** I deposited such envelope in the mail at San Francisco, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling, via UPS following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on June 1, 2022, at San Francisco, California.

_Lisa Nystrom_
Lisa Nystrom

# SERVICE LIST

*Calistoga Ranch Owner LLC v. Certain Underwriters At Lloyd's, London, et al.*

| | |
|---|---|
| Philip L. Pillsbury, Jr.<br>Ryan H. Opgenorth<br>PILLSBURY & COLEMAN, LLP<br>The Pillsbury & Coleman Building<br>100 Green Street<br>San Francisco, CA 94111<br>Tel.: (415) 433-8000<br>Fax: (415) 433-4816<br>Email: ppillsbury@pillsburycoleman.com<br>            ropgenorth@pillsburycoleman.com | ***Attorneys for Plaintiff Calistoga Ranch Club*** |
| John S. Rossiter, Jr.<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105<br>Tel.: (415) 344-7000<br>Fax: (415) 444-7050<br>Email: jrossiter@perkinscoie.com | ***Attorneys for Plaintiffs Calistoga Ranch Owner LLC and Calistoga Ranch Investors LLC*** |
| James M. Davis<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Tel.: (206) 359-8000<br>Fax: (206) 359-9000<br>Email: jamesdavis@perkinscoie.com | ***Attorneys for Plaintiffs Calistoga Ranch Owner LLC and Calistoga Ranch Investors LLC*** |
| Bradley H. Dlatt<br>PERKINS COIE LLP<br>131 S. Dearborn Street, Suite 1700<br>Chicago, IL 60603-5559<br>Tel.: (312) 324-8400<br>Fax: (312) 324-9400<br>Email: bdlatt@perkinscoie.com | ***Attorneys for Plaintiffs Calistoga Ranch Owner LLC and Calistoga Ranch Investors LLC*** |