# EXHIBIT 1

22CV000464
Napa - Civil

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
4/26/2022 2:13 PM
Clerk of the Napa Superior Court
By: Tosha Deluna, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Certain Underwriters at Lloyd's, London; International Insurance Company of Hannover Se N/K/A HDI Global Specialty Se; Premier Claims Management LLC; and Does 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Calistoga Ranch Owner LLC; Calistoga Ranch Investors LLC; and Calistoga Ranch Club

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Napa County Superior Court
825 Brown St., Napa, CA 94559

CASE NUMBER: *(Número del Caso):*
22CV000464

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip L. Pillsbury, Jr. / Ryan H. Opgenorth, Pillsbury & Coleman, LLP, 100 Green St, San Francisco, CA 94111, (415) 433-8000

DATE: 4/26/2022                  Clerk, by                    , Deputy
*(Fecha)*                        *(Secretario)*               *(Adjunta)*

Tosha Deluna

— Robert E. Fleshman

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HDI GLOBAL SPECIALTY SE
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

# SUMMONS

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

22CV000464
Napa - Civil

| | |
|---|---|
| 1 | Philip L. Pillsbury, Jr. (SBN 72261) |
| | Ryan H. Opgenorth (SBN 252273) |
| 2 | PILLSBURY & COLEMAN, LLP |
| | The Pillsbury & Coleman Building |
| 3 | 100 Green Street |
| 4 | San Francisco, CA 94111 |
| | Telephone:   (415) 433-8000 |
| 5 | Facsimile:   (415) 433-4816 |
| | ppillsbury@pillsburycoleman.com |
| 6 | ropgenorth@pillsburycoleman.com |

*Attorneys for Plaintiff Calistoga Ranch Club*

PERKINS COIE LLP
John S. Rossiter, Jr., Bar No. 151113
JRossiter@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.444.7050

*Attorneys for Plaintiffs Calistoga Ranch Owner LLC and Calistoga Ranch Investors LLC*
*[Additional Counsel Listed On Subsequent Pages]*

**FILED**
4/26/2022 2:13 PM
Clerk of the Napa Superior Court
By: Tosha Deluna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| CALISTOGA RANCH OWNER LLC;<br>CALISTOGA RANCH INVESTORS LLC;<br>and CALISTOGA RANCH CLUB,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON; INTERNATIONAL<br>INSURANCE COMPANY OF<br>HANNOVER SE N/K/A HDI GLOBAL<br>SPECIALTY SE; PREMIER CLAIMS<br>MANAGEMENT LLC; and DOES 1-20,<br>inclusive,<br><br>                    Defendants. | Case No. CaseNumber       22CV000464<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) BREACH OF THE IMPLIED COVENANT**<br>**OF GOOD FAITH AND FAIR DEALING;**<br>**(3) NEGLIGENT MISREPRESENTATION;**<br>**(4) DECLARATORY JUDGMENT; AND**<br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

PERKINS COIE LLP (Continued)

James M. Davis (*pro hac vice* application forthcoming)
JamesDavis@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Bradley H. Dlatt (*pro hac vice* application forthcoming)
BDlatt@perkinscoie.com
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: 312.324.8400
Facsimile: 312.324.9400

*Attorneys for Plaintiffs Calistoga Ranch Owner LLC and Calistoga Ranch Investors LLC*

COMPLAINT AND DEMAND FOR JURY TRIAL

1       Plaintiffs CALISTOGA RANCH OWNER LLC, CALISTOGA RANCH INVESTORS LLC,

2   and CALISTOGA RANCH CLUB (collectively "Plaintiffs" or "Policyholders"), by and through their

3   respective attorneys, for their Complaint for breach of contract, breach of the implied covenant of good

4   faith and fair dealing, negligent misrepresentation, and declaratory judgment against Defendants Certain

5   Underwriters at Lloyd's, London subscribing to Policy No. PGIARK08070-00 ("Underwriters"),

6   International Insurance Company of Hannover SE n/k/a HDI Global Specialty, SE's ("HDI") (together,

7   the "Insurers"), and Premier Claims Management, LLC ("Premier") (collectively, the "Defendants"),

8   allege as follows:

9                      **NATURE OF THE ACTION**

10      1.     This is a civil action arising out of the Insurers' wrongful, bad faith investigation of and

11  failure to pay for the environmental cleanup of the Calistoga Ranch resort property ("Calistoga Ranch"),

12  which was destroyed in the September 2020 Glass Line Fire, under a Site Pollution Liability insurance

13  policy that Insurers issued to the Policyholders ("Policy") to cover *the exact type of costs* at issue here.

14  Policyholders' covered costs exceed the Policy's $3 million for "Each Pollution Condition" limits.

15      2.     The Insurers were not alone in their bad faith failure to investigate coverage under their

16  Policy. They were aided by Defendant Premier, the Insurers' hand-chosen third-party claims

17  administrator, who made material misrepresentations as part of the claim adjustment process, as

18  described in further detail below. This action thus seeks damages against Insurers and Premier arising

19  from their improper coverage denial and illegal claims handling.

20                     **THE PARTIES**

21      3.     At all material times herein, Plaintiff Calistoga Ranch Owner LLC is and was a Delaware

22  limited liability company having Calistoga Ranch Investors LLC as its sole member.

23      4.     At all material times herein, Plaintiff Calistoga Ranch Investors LLC is and was a

24  Delaware limited liability company comprised of several individual members and limited liability

25  company members.

26      5.     At all material times herein, Plaintiff Calistoga Ranch Club is and was a non-profit mutual

27  benefit corporation, organized and existing under the laws of the State of California and having its

28  principal place of business in Napa County, California.

COMPLAINT AND DEMAND FOR JURY TRIAL

6.      Plaintiffs are informed and believe and·thereon allege that at all materials times herein, Defendant Underwriters is a group of underwriters and insurance syndicates subscribing to the Policy at issue in this action that includes, without limitation, syndicate numbers 4020, 1458, 1084 and 2001. At all material times, Underwriters is and was authorized to transact and does transact insurance business in the State of California by issuing policies to California residents. Pursuant to a provision in the Policy, Underwriters has agreed to submit to the jurisdiction of any court of competent jurisdiction regarding a dispute over payment under the Policy. Napa County Superior Court is a court of competent jurisdiction.

7.      Plaintiffs are informed and believe and thereon allege that at all materials·times herein, Defendant HDI is the successor in interest and/or successor by merger of International Insurance Company of Hannover SE ("Hannover"), which subscribed to the Policy at issue in this action. At all material times, HDI, on behalf of itself and Hannover, is and was authorized to transact and does transact insurance business in the State of California by issuing policies to California residents. Pursuant to a provision in the Policy, HDI, by and through Hannover, agreed to submit to the jurisdiction of any court of competent jurisdiction regarding a dispute over payment under the Policy. Napa County Superior Court is court of competent jurisdiction.

8.      Plaintiffs are informed and believe and thereon allege that at all material times herein, Defendant Premier was and is an insurance adjuster that acted on behalf of the Insurers with respect to the subject insurance claim. At all material times, Premier is and was authorized to transact and does transact insurance claims adjusting business in the State of California and one or more of its members are California residents.

9.      Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that said fictitiously named defendants are responsible in some manner for the events and happenings herein referred and caused injuries and damages to the plaintiffs as hereon alleged.

10.     At all material times herein, each defendant was acting as individuals or as the agents of the remaining defendants, and in doing the things hereinafter alleged, was acting either individually or within the course and scope of said agency and within the permission and consent of its principal. The

-4-

acts and conduct alleged herein of each defendant were known to, authorized by, and/or ratified by the other defendants.

### THE INSURANCE POLICY

11.    Underwriters and HDI issued Plaintiffs the Policy –Site Pollution Liability  Policy No. PGIARK08070-00 – for the policy period of 11/15/17 to 11/15/20.  The Policy covers the Calistoga Ranch, which is located at 570 and 580 Lommel Road in Napa Valley.  The Policy has an "Each Pollution Condition" limit of liability of $3,000,000 and a general aggregate limit of $5,000,000.

12.    The Policy's insuring agreement under Coverage A provides, in pertinent part, that, "[t]he Company [*i.e.*, the Insurers] will pay cleanup costs that result from governmental mandate(s) upon you …"

13.    The Policy defines "Governmental mandate(s)" as "a directive, order or requirement of the government of the United States or any of its states, or Canada or any of its provinces, political subdivisions, or court order duly acting under the authority of environmental or related laws to cleanup, remediate, or mitigate any pollution conditions at, on, or under the insured's site(s) to which this insurance applies."

14.    The Policy defines "cleanup costs" to include the expenses incurred to perform "cleanup" – *i.e.*, the "investigation, evaluation, monitoring, testing, removal, containment, treatment, disposal, remediation, detoxification or neutralization of pollutants to the extent required by Federal, State, Local or Provincial Laws, including but not limited to statutes, rules, ordinances, guidance documents, regulations, and all applicable amendments thereto, including state voluntary cleanup or risk based corrective action guidelines."

15.    The Policy requires that: "[a] request for payment of cleanup costs by the Insured or someone legally representing the Insured will be deemed to have been made when the pollution conditions are first discovered by the Insured and reported to the company during the policy period."

16.    The Policy defines "Pollution conditions" to include the "discharge, dispersal, seepage, migration, release or escape of pollutants."

17.    The Policy defines "Pollutants" to include "any solid, liquid gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis or toxic chemicals, and includes

-5-

COMPLAINT AND DEMAND FOR JURY TRIAL

7

1  waste."

## CALISTOGA RANCH SUFFERS A COVERED LOSS THAT
## THE INSURERS REFUSE TO PAY

4      18.    Calistoga Ranch was a luxury resort, comprised of guest lodges, a vineyard, restaurant,
5  spa, a reception building, swimming pools and fitness center, among other amenities, on 158 acres in
6  Napa County wine country.

7      19.    Calistoga Ranch was almost entirely destroyed in the Glass Line Fire on or about
8  September 28, 2020 (the "Fire"). As a result of the catastrophic Fire, the insured property was covered
9  with ash, soot and fire-damaged debris.

10      20.    Plaintiffs immediately notified the Insurers of the Fire, advising them of the damage to
11  Calistoga Ranch and the resulting pollution conditions (the "Claim").

12      21.    By at least October 26, 2020, Plaintiffs were required, under government mandates, to
13  clean up the ash and debris at Calistoga Ranch.  These government mandates included, without
14  limitation, compulsory compliance with the Napa County Department of Planning, Building and
15  Environmental Services' Debris and Ash Removal ("DAR") Program.

16      22.    Plaintiffs have incurred compulsory clean-up costs of ash, soot and fire-damaged debris
17  in excess of the Policy's $3 million per pollution condition limit. The ash, soot and debris are a "pollution
18  condition" and, as such, Plaintiffs' cleanup costs are a covered loss under the Policy.

19      23.    The Insurers, however, have failed and refused to pay Plaintiffs' Claim in full despite
20  receiving detailed evidence verifying the details of the Claim and costs incurred.  To date, Insurers have
21  offered only a nominal amount for a very small fraction of the cleanup costs incurred.

22      24.    On October 30, 2020, Premier, acting on behalf of the Insurers, wrote to representatives
23  of Calistoga Ranch denying the Claim.  In so doing, Premier falsely represented that the Claim " does
24  not involve any 'pollution conditions' at the Premises," despite being in possession of information
25  confirming that presence of toxic ash, soot and fire damaged debris at Calistoga Ranch.  Premier also
26  falsely represented that the Claim "does not involve any directive, order, or requirement of a government
27  or court order to cleanup, remediate, or mitigate any 'pollution conditions'" despite Napa County having
28  launched the DAR cleanup program in public statements available at or around the time of this

-6-

COMPLAINT AND DEMAND FOR JURY TRIAL

1  correspondence that Premier knew or should have known about.  Premier and the Insurers knew, or had

2  reason to know, that these representations were false when made; but they relied on them anyway to

3  deny Plaintiffs' Claim.

4      25.     On January 22, 2021, representatives of Calistoga Ranch requested that the Insurers

5  reverse their premature and wrongful denial of Plaintiffs' Claim, providing further evidence and

6  explanation demonstrating that the Claim was covered under the Policy.

7      26.     On March 21, 2021, Premier, again on behalf of the Insurers, wrote to Plaintiffs'

8  representatives and recognized that "there may be coverage under Coverage A of the Policy solely for

9  certain aspects of 'Phase I' of the subject fire cleanup at Calistoga ranch's property, subject to the

10  Insurers' further investigation and the terms conditions, and exclusions of the Policy, but further

11  information/confirmation from Calistoga Ranch is required, as outlined below." Phase I of the cleanup

12  involved the removal of hazardous waste at Calistoga Ranch.  However, Premier went on to conclude

13  that "the Insurers continue to disclaim any coverage under the Policy for any costs associated with Phase

14  II of the cleanup." Phase II involved the removal of fire damage debris, soot and ash at Calistoga Ranch,

15  which is clearly covered by the policy.

16      27.     Over the months that followed, Plaintiffs provided Premier and the Insurers'

17  representatives with the additional, albeit unnecessary, information Premier requested.  Plaintiffs

18  additionally requested that the Insurers reconsider their coverage position and confirm that coverage

19  exists for both the Phase I and Phase II cleanup. However, the Insurers refused. The Insurers additionally

20  withheld covered benefits that were due under the Policy, engaging in a continued  campaign of

21  protracted delay.

22      28.     As a result of the Defendants' actions, Plaintiffs have been wrongfully denied insurance

23  benefits under the Policy, which amounts to a material breach of the Policy.

24      29.     As a result of Defendants' actions, Plaintiffs have been forced to engage the services of

25  legal counsel for the purpose of obtaining insurance benefits and have suffered other consequential losses

26  including, without limitation, attorneys' fees and costs.

27      30.     At all material times herein, the Defendants have engaged in conduct that was oppressive,

28  fraudulent and malicious within the meaning of Civil Code §3294, and Defendants are liable for

-7-

COMPLAINT AND DEMAND FOR JURY TRIAL

1  exemplary damages in an amount to be shown at trial.

2

3                        **FIRST CAUSE OF ACTION**

4              (Breach of Contract Against Insurers and Does 1-10)

5         31.   Plaintiffs incorporate by reference the allegations in the foregoing paragraphs as though

6  fully set forth herein.

7         32.   Plaintiffs entered into a legally binding written contract with the Insurers in the form of

8  the Policy.  Plaintiffs are each an "Insured" under the Policy.

9         33.   Plaintiffs made a timely Claim to the Insurers under the Policy for insurance benefits,

10  including without limitation "cleanup costs," arising from the Fire at Calistoga Ranch.

11        34.   Plaintiffs' Claim is covered under the Policy as outlined herein and not excluded.  By

12  way of example and not limitation:

13             a.   Calistoga Ranch is a covered "site" under the Policy;

14             b.   the ash, soot and fire damaged debris are a "pollution condition";

15             c.   Plaintiffs were required by "government mandate" to clean up Calistoga Ranch due
16                  to such "pollution condition";

17             d.   Plaintiffs "cleanup costs" incurred during Phase I and Phase II of the cleanup are
18                  covered under the Policy; and such covered costs exceed the Policy's limits for any
                    one "pollution condition." Plaintiffs have duly complied with all material terms and
19                  conditions of the Policy and/or such compliance has been waived by Insurers'
20                  conduct.

21        35.   Insurers have refused to pay Plaintiffs for the entirety of their covered Claim.  In so doing,

22  Insurers have materially breached the Policy.

23        36.   As a direct and proximate result of the Insurers breach of contract, said Insurers have

24  deprived Plaintiffs of the benefits of the Policy for which Plaintiffs paid substantial premiums, and

25  Plaintiffs have suffered actual and consequential damages in excess of the Policy's "per pollution

26  condition" limits and in an amount to be proven at trial.

27  ///

28  ///

                                          -8-

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing

### Against the Insurers and Does 1-10)

37.    Plaintiffs incorporate by reference to the allegations in the foregoing paragraphs as though fully set forth herein.

38.    Implied in each insurance policy is a covenant that the insurer will act in good faith and engage in fair dealing with respect to claims made by its insureds; that it will do nothing to interfere with the rights of its insureds to receive policy benefits; that it will give at least as much consideration to the interest of its insureds as it gives to its own interest; that it will investigate all possible bases for coverage; that it will not refuse to pay any claim without thoroughly investigating the foundation for any denial; and that it will not rely on an arbitrary or unreasonable interpretation of the policy to deny benefits (hereinafter referred to as the "implied covenant of good faith and fair dealing"). The implied covenant of good faith and fair dealing obligated the Insurers to promptly respond to and investigate Plaintiffs' Claim, to give good faith consideration to that Claim, and to exercise its own rights under the Insurers Policy in good faith.

39.    At all material times, the Insurers violated the implied covenant of good faith and fair dealing by, *inter alia*, the following:

(a)    Consciously and unreasonably denying coverage to Plaintiffs under the Policy for the full amount of their covered Claim, thereby depriving Plaintiffs of insurance benefits rightfully due to them, with knowledge that this conduct was and is wrongful and contrary to the Insurers' obligations under the Policy and the law;

(b)    Consciously and unreasonably failing to perform a full, fair, thorough and prompt investigation the Claim, and failing to diligently search for and consider evidence that supported coverage for the Claim;

(c)    Consciously and unreasonably refusing to give Plaintiffs' interests at least as much consideration as Insurers gave their own interests in handling the Claim;

(d)    Consciously and unreasonably relying on an arbitrary and unreasonable interpretation of the Policy in order to deny coverage;

(e)    Consciously and unreasonably failing to adopt and implement appropriate standards for the prompt and fair investigation and processing of the Claim;

-9-

COMPLAINT AND DEMAND FOR JURY TRIAL

11

(f) Consciously and unreasonably failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim even though liability was and is reasonably clear;

(g) Consciously and unreasonably refusing to pay the entirety of Plaintiffs' Claim and instead actively trying to minimize their exposure with the knowledge that the Insurers owed for the entirety of the Claim; and

(h) Consciously and unreasonably interpreting the available information in such a way as would justify denial of coverage even though the Insurers knew that such interpretation was contrary to the facts and was wrongful.

40.    Plaintiffs are informed and believe and thereon allege that that the aforementioned conduct constitutes deceptive acts or practices or unfair methods of competition as part of a common pattern and practice on the Insurers' part.

41.    As a proximate result of the Insurers' actions, Plaintiffs have suffered damages that include, without limitation, attorneys' fees and costs and loss of the time value of the benefits that have been due and owing under the Policy for more than a year.  Plaintiffs further seek punitive damages from said Defendants as set forth in paragraph 30 above.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation Against Defendant Premier and DOES 11-20)

42.    Plaintiffs incorporate by reference to the allegations in the foregoing as though fully set forth herein.

43.    Defendant Premier made the aforesaid representations as set forth herein, including falsely representing that Plaintiffs' Claim "does not involve any 'pollution conditions' at the Premises," when it was clearly aware of the covered toxic ash, soot and fire damaged debris at the Calistoga Ranch and that Plaintiffs' Claim "does not involve any directive, order, or requirement of a government or court order to cleanup, remediate, or mitigate any 'pollution conditions,'" when it knew or should have known that Napa County had addressed the DAR program in public statements available at or around the time of this correspondence.

44.    These representations were false and untrue, and Defendant Premier knew or should have known that the representations were untrue when they were made.

-10-

COMPLAINT AND DEMAND FOR JURY TRIAL

45. Defendant Premier intended to induce Plaintiffs to rely on the representations, and Plaintiffs did reasonably rely on the representations to their detriment.

46. As a proximate result of Defendant Premier's actions, Plaintiffs incurred actual and compensatory damages, including fees, costs, and expenses to protect their interests, including tort of another damages as discussed herein.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment Against Insurers and DOES 1-10)

47. Plaintiffs incorporate by reference to the allegations in the foregoing paragraphs though fully set forth herein.

48. Plaintiffs entered into a legally binding written contract with the Insurers in the form of the Policy. Plaintiffs are each an "Insured" under the Policy.

49. Plaintiffs timely made the Claim to the Insurers under the Policy for insurance benefits, losses, costs and expenses arising out of pollution conditions at the Calistoga Ranch due to the Fire.

50. Plaintiffs' Claim is covered by the Policy as outlined herein and not excluded.

51. The Insurers have denied any obligation to pay the full "per pollution condition" limits of the Policy for the Claim because they allege, among other things, that the there are no "pollution conditions" at the site and/or that there is no "governmental mandate" for the cleanup.

52. As such, an actual and justiciable controversy exists between the Plaintiffs and the Insurers with respect to coverage for the Claim under the Policy.

53. Plaintiffs seek a declaration from the Court as to the appropriate construction and meaning of the Policy. This includes a declaration from the Court regarding the parties' rights and obligations under the Policy.

54. As a result of Defendants' conduct alleged herein, Plaintiffs are entitled to recover insurance policy benefits, compensatory damages, interest thereon, and attorneys' fees and costs. Plaintiffs are also entitled to recover punitive damages from the Insurers in an amount sufficient to punish and make an example of them in order to deter similar conduct in the future.

**WHEREFORE,** Plaintiffs pray for judgment as set forth below:

1. Entry of judgment in favor of Plaintiffs and against Defendants as requested herein on

-11-

COMPLAINT AND DEMAND FOR JURY TRIAL

13

1         each cause of action in their Complaint;

2       2.    Award Plaintiffs their actual and consequential damages sustained as a result of the

3            Insurers breach of the Policy according to proof;

4       3.    Award Plaintiffs their actual, consequential and punitive damages sustained as a result of

5            the Insurers' breach of the implied covenant of good faith and fair dealing;

6       4.    Award Plaintiffs their actual and consequential damages, including tort of another

7            damages, sustained as a result of Premier's negligent misrepresentations;

8       5.    Enter a declaration as to the appropriate construction and meaning of the Policy, including

9            the parties' rights and obligations under the Policy with respect to the Claim;

10      6.    Entry of a judgment awarding Plaintiffs pre-judgment and post-judgment interest;

11      7.    Entry of a judgment awarding Plaintiffs their attorneys' fees and costs; and

12      8.    For any further relief to which Plaintiffs may be justly entitled.

13                                 **JURY DEMAND**

14       Plaintiffs Calistoga Ranch Owner LLC, Calistoga Ranch Investors LLC, and Calistoga Ranch

15 Club hereby demand a trial by jury on all matters so triable.

16 Dated:  April 26, 2022               PILLSBURY & COLEMAN, LLP

17

18                     By:  */s/  Ryan H. Opgenorth*

19                          Philip L. Pillsbury, Jr.
                         Ryan H. Opgenorth

20                          *Attorneys for Plaintiff Calistoga Ranch Club*

21 Dated:  April 26, 2022               PERKINS COIE, LLP

22

23                     By:  */s/  John S. Rossiter. Jr.*

24                          John S. Rossiter, Jr., Bar No. 151113
                         James M. Davis (*pro hac vice application*

25                          *forthcoming*)
                         Bradley H. Dlatt (*pro hac vice application*

26                          *forthcoming*)

27                          *Attorneys for Plaintiffs Calistoga Ranch*

28                          *Owner LLC and Calistoga Ranch Investors LLC*

-12-

COMPLAINT AND DEMAND FOR JURY TRIAL

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Philip L. Pillsbury, Jr. (SBN 72261) / Ryan H. Opgenorth (SBN 232273)<br>PILLSBURY & COLEMAN, LLP, 100 Green Street, San Francisco, CA 94111<br>TELEPHONE NO.: (415) 433-8000     FAX NO. (Optional): (415) 433-4816<br>E-MAIL ADDRESS: ppillsbury@pillsburycoleman.com ropgenorth@pillsburycoleman.com<br>ATTORNEY FOR (Name): Plaintiff CALISTOGA RANCH CLUB | FOR COURT USE ONLY<br>FILED<br>4/26/2022 2:13 PM<br>Clerk of the Napa Superior Court<br>By: Tosha Deluna, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS: 825 Brown Street
CITY AND ZIP CODE: Napa, 94559
BRANCH NAME: Historic Courthouse

CASE NAME:
CALISTOGA RANCH OWNER, et al. v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV000464 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [x] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 26, 2022

Ryan H. Opgenorth
_____          ►_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)- Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice-
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
      or wrongful eviction)
  Contract/Warranty Breach-Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF NAPA
825 Brown Street, Napa, CA 94559

### Notice of Case Management Conference

Case #: 22CV000464      CALISTOGA RANCH OWNER LLC et al vs CERTAIN
UNDERWRITERS AT LLOYD'S, LONDON et al

A Case Management Conference has been scheduled in this matter pursuant to California Rule of Court 3.221.

Date: 10/25/2022          Time: 8:30 AM          Room: Courtroom A

The plaintiff/petitioner must include a copy of this notice with the complaint when serving the defendant/respondent.  Cross complainants must serve a copy of this notice on any new parties named to the action. (Civil only)

To learn more about the types and benefits of Alternative Dispute Resolution (ADR), and whether it may be appropriate for your case, please access the California Courts website at http://www.courts.ca.gov/programs-adr.htm.

This site also contains Judicial Council forms applicable to ADR.

### CERTIFICATE OF ELECTRONIC DELIVERY

This notice was delivered via eMail to:   sreyes@pillsburycoleman.com

Napa Court is equipped to handle remote appearances.  With proper notice to all parties, you may be allowed to appear remotely. See CCP section 367.75.  Zoom meeting links and participant information can be found at www.napacourt.com/remote.  When appearing via video, court hearings should be treated the same as if you are appearing in Court.  Please contact the court with any questions 707-299-1100.

17

Business        UCC

# Business Search

➤ *The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

## Basic Search

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, remove "C" from the entity number*

Request Certificate

| | |
|---|---|
| Initial Filing Date | 11/19/2004 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | 2020 NORTH TUSTIN AVENUE SANTA ANA, CA 92705 |
| Mailing Address | 2020 NORTH TUSTIN AVENUE SANTA ANA, CA 92705 |
| Statement of Info Due Date | 11/30/2022 |
| Agent | Individual 4973186 JOSEPH A. PINELL 2020 NORTH TUSTIN AVENUE SANTA ANA, CA 92705 |

View History          Request Access

Skip to main content   State

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Philip L. Pillsbury, Jr. (SBN 72261) / Ryan H. Opgenorth (SBN 232273)<br>PILLSBURY & COLEMAN, LLP, 100 Green Street, San Francisco, CA 94111<br>TELEPHONE NO.: (415) 433-8000    FAX NO. (Optional): (415) 433-4816<br>E-MAIL ADDRESS: ppillsbury@pillsburycoleman.com ropgenorth@pillsburycoleman.com<br>ATTORNEY FOR (Name): Plaintiff CALISTOGA RANCH CLUB | FOR COURT USE ONLY<br>**FILED**<br>4/26/2022 2:13 PM<br>Clerk of the Napa Superior Court<br>By: Tosha Deluna, Deputy |

22CV000464
Napa - Civil

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS: 825 Brown Street
CITY AND ZIP CODE: Napa, 94559
BRANCH NAME: Historic Courthouse

CASE NAME:
CALISTOGA RANCH OWNER, et al. v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV000464 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[x] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 26, 2022

Ryan H. Opgenorth
_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)  Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (not asbestos or
    toxic/environmental) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (not civil
    harassment) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (not medical or legal)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (not unlawful detainer
      or wrongful eviction)
    Contract/Warranty Breach–Seller
      Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (not provisionally
    complex) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent
      domain, landlord/tenant, or
      foreclosure)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (arising from provisionally complex
    case type listed above) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (non-
      domestic relations)
    Sister State Judgment
    Administrative Agency Award
      (not unpaid taxes)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (not specified
    above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-
      harassment)
    Mechanics Lien
    Other Commercial Complaint
      Case (non-tort/non-complex)
    Other Civil Complaint
      (non-tort/non-complex)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (not specified
    above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2



**Alternative
Dispute
Resolution
Information**



The plaintiff/petitioner must include a copy of this notice with the complaint when serving the defendant/respondent. Cross complainants must serve a copy of this notice on any new parties named to the action. [Civil only]

**What is ADR?**    Alternative Dispute Resolution [ADR] is the term used to describe all of the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

**Resource**    To learn more about the types and benefits of ADR, and whether it may be appropriate for your case, please access the California Courts website at http://www.courts.ca.gov/programs-adr.htm.

This site also contains the Judicial Council forms applicable to ADR.



You Don't Have to Sue

Here Are Some Other Ways to Resolve a Civil Dispute

Presented by the
Judicial Council of California
and the
State Bar of California

22

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

2

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be

3

effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### • MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Media-

4

tion also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

5

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

# Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are

6

most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

• Contact the **California Department of Consumer Affairs, Consumer Information Center,** toll free, 1-800-952-5210, or

• Contact the local bar association, or

• Look in the **Yellow Pages** under "Arbitrators" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

7

NAME OF COURT:

# *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*

1. Case name: _____ No. _____
2. Type of civil case:  ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____
3. Date complaint filed _____ Date case resolved _____
4. Date of ADR conference _____   5. Number of parties _____
6. Amount in controversy   ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify):* _____
7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| (____) _____ | (____) _____ |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

   ☐ Plaintiff   ☐ Plaintiff's attorney          ☐ Defendant   ☐ Defendant's attorney
   ☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify):* _____

10. Dispute resolution process:

    ☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?

    a. ☐ As a direct result of the ADR process.
    b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]                **ADR INFORMATION FORM**

GUIDE TO NAPA SUPERIOR COURT
CIVIL CASE MANAGEMENT
AND ATTACHED ALTERNATIVE DISPUTE RESOLUTION PACKET

| | |
|---|---|
| FILING OF COMPLAINT | CASE MANAGEMENT CONFERENCE (formerly Trial Setting Conference) is set upon the filing of the Complaint, 160 days from filing of Complaint. Notice is in form of stamp or face of complaint. ADR Packet Distributed |
| PROOF OF SERVICE | DUE 60 DAYS FROM FILING OF COMPLAINT |
| PROOF OF SERVICE TO AMENDED COMPLAINT (if new party added) | DUE 30 DAYS FROM FILING OF AMENDED COMPLAINT |
| PROOF OF SERVICE TO CROSS-COMPLAINT (if new defendant added) | DUE 30 DAYS FROM FILING OF CROSS-COMPLAINT |
| PROOF OF SERVICE TO CROSS-COMPLAINT (if no new parties added) | DUE SAME DAY AS FILING OF CROSS-COMPLAINT |
| ANSWER/DEMURRER (responsive pleadings) | DUE NO LATER THAN 45 DAYS FROM FILING OF PROOF OF SERVICE   (30 days + 15  days if stipulated) |
| DEFAULT | DUE NO LATER THAN 55 DAYS FROM FILING OF PROOF OF SERVICE (30 + 15 + 10 DAYS) |
| DEFAULT JUDGMENT | DUE 45 DAYS FROM FILING OF DEFAULT |
| CASE MANAGEMENT CONFERENCE STATEMENT  Normally Settlement Conference, Trial Management Conference (formerly Trial Setting Conference), and Trial set @ Case Management Conference) | DUE 15 DAYS PRIOR TO Case Management Conference (Judicial Council form CM-110)  (Note: Trial Setting Conference Memorandum is no longer accepted for filing-see new State Rules) |
| UNINSURED MOTORIST CLAIMS | Application and order to be filed designating case a "UM" case, matter is removed from the court's control and an OSC re Delay Reduction Status is scheduled not sooner than 180 days of designation |
| STRUCTURED SETTLEMENT | Structured or Conditional Settlements.   Notice of Conditional Settlement must be submitted to the Court in the form of a Notice of Conditional Settlement and Order for Dismissal.  The Court shall dismiss the case, without prejudice, pursuant to the terms of the stipulated agreement.  Upon noticed motion and showing of good cause and default in the performance of the settlement, the Court will reserve jurisdiction to set aside the dismissal and order entry of judgment. |
| BANKRUPTCY OTHER REMOVALS, such as to Federal Court, Coordination Proceedings, First District Court of Appeal (either in instant or related case) | Notification is received, together with bankruptcy petition and stay, matter is removed from the court's control and an OSC re Delay Reduction Status is scheduled within 6 months |
| BINDING ARBITRATION | Normally stipulation and order is submitted or issue is resolved in open court, matter is removed from the court's control and an OSC re Delay Reduction Status is scheduled within 6 months |

PLEASE REFERENCE CALIFORNIA RULES OF COURT FOR CASE MANAGEMENT
AND NAPA SUPERIOR COURT LOCAL RULES
EFFECTIVE JULY 1, 2002