UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALISTOGA RANCH OWNER LLC, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.,<br><br>       Defendants. | Case No. 22-cv-03188-VC<br><br>**ORDER GRANTING JOINT MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

The joint motion to remand is granted.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Premier's California citizenship defeats diversity, but the defendants argue it should be disregarded because Premier was fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The removing party bears a "heavy burden" in establishing fraudulent joinder: "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (emphasis in original) (citations and quotations omitted).

In *Bock v. Hansen*, the California Court of Appeal held that insurance adjusters may be individually liable for negligent misrepresentation. 225 Cal. App. 4th 215, 231 (2014). *See also Cecena v. Allstate Insurance Co.*, 358 F. App'x 798, 799 (9th Cir. 2009) ("There is now some authority in California case law holding insurance agents liable for common law fraud or

negligent misrepresentation.").

The defendants argue *Bock* is distinguishable for at least three reasons. First, they argue, Premier's statements were statements of law, not fact. While statements of law are generally not actionable, California law includes exceptions "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; [and] (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." *Njoku v. GEICO General Insurance Co.*, No. 19-CV-07757-JST, 2020 WL 4915433, at *4 (N.D. Cal. May 6, 2020) (quoting *Cohen v. S&S Construction Co.*, 151 Cal. App. 3d 941, 946 (Ct. App. 1983)). Even if Premier's statements are purely statements of law, there is at least a "possibility" that Premier's statements fall under one of these exceptions. *See id.*

Second, the defendants argue, the plaintiffs have failed to state a claim for negligent misrepresentation because they did not rely on Premier's representations. While the complaint is somewhat sparse on the issue of reliance, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Nation v. Bayer Healthcare Pharmaceuticals, Inc.*, No. CV 13-4689 AG (ANX), 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "[C]ourts should only find that a defendant was fraudulently joined if any deficiency in the complaint cannot possibly be cured by granting the plaintiff leave to amend." *Nido v. Nationwide Mutual Insurance Co.*, No. 19-CV-07724-LHK, 2020 WL 1865324, at *4 (N.D. Cal. Apr. 14, 2020). The plaintiffs have a colorable claim that they relied on Premier's representations, and the defendants have not shown that any defect could not be cured by granting leave to amend.

Third, the defendants point to a single district court case limiting *Bock* to its facts. *See Feizbakhsh v. Travelers Com. Ins. Co.*, No. LACV1602165JAKEX, 2016 WL 8732296, at *6 (C.D. Cal. Sept. 9, 2016). "Most district courts to directly consider *Bock*'s impact on negligent misrepresentation claims against insurance adjusters, however, have held that 'the uncertainty

2

surrounding the proper scope of *Bock* indicates that [such claims are] not foreclosed by settled principles of California law and a state court must determine whether [they] ha[ve] merit.'" *Njoku*, 2020 WL 4915433, at *2 (quoting *Zuccolotto v. Zurich American Insurance Co.*, No. 8:16-cv-01277-JLSKESx, 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016)). *See also id.* (collecting cases).

The case is remanded to the Superior Court of the State of California, County of Napa. The Clerk of the Court is ordered to close the case.

**IT IS SO ORDERED.**

Dated: August 19, 2022

_____
VINCE CHHABRIA
United States District Judge